Now I'll call cases 116642 and 116696. People of the State of Illinois v. people ex rel. Lisa Madigan v. Illinois Commerce Commission. These are consolidated cases. It's a one sided argument. Two advocates on the same side. You may proceed. Good morning, your honors. Illinois Assistant Attorney General Carl Elitz for the people. Your honors, some background. Public Utility Act section 2101A says that direct review from commission decisions can be brought within 35 days. Section 10201 part B talks about how one brings that appeal. The problem here, as far as at least some appellate court decisions, has to do with section 201 part B. 201 part B suggests that a notice of appeal is filed with the commission within 35 days. Then within five days after that, that notice of appeal that's been tendered to the commission is then delivered to the appellate court. So there's a 40 day period that the statute seems to suggest applies. Now that's very unusual. And there's at least one appellate court decision. I think there's two now. That say that this is possibly a separation of powers. But the point I want to emphasize is that it's the part 201B, the filing with the commission and then tendering it to the appellate court, that seems to be the separation of powers problem. And not the part that establishes 35 days for bringing the appeal. That's in 201A. Now, in this case, our office in bringing the appeal tried to use a belt and suspender method of bringing the appeal. Bringing appeal was a way of making sure that we did it right, however one would read this statute, given the fact that there has been some suggestion that there's a problem with it. We filed a notice of appeal with the commission on the 35th day. And then on the same day, I filed a petition for review with the first district, tendering with that petition the notice of appeal that had been tendered to the commission. So it seemed to me that we had covered every possible way that one could invoke jurisdiction in the appellate court, by both following the letter of 201B and also following what Supreme Court Rule 335 seems to require, which is that petition for review in the appellate court. Now, at some point after this, the appellate court seemed to feel that there was a mistake made and dismissed it. And it was a total surprise when we got the unpublished order saying that there was a lack of jurisdiction. The court seemed to reason that all of Section 201, both Part A and Part B, is unconstitutional. And therefore, the 35 days didn't apply. And then we have a statute then without a time period for telling us how long to bring a direct review action. And the court then seemed to go back to the early 90s to a pair of cases that this court decided, labor board cases, which presented that situation in the sense that there was labor board direct review, but the General Assembly at that time didn't provide for a period of time. And at that time, this court, back in the early 1990s, said that without guidance about how long the appeal should take, 30 days was the proper amount of time, 30 days because in general, cases that are decided in the circuit court have to be brought to the appellate court in 30 days. Now, there was an argument made at that time that 35 days was a better period of time because there were some indirect actions brought in the circuit court on administrative review that allowed 35 days. And the plaintiffs in those cases said, allow us the same 35 days. And this court said, no, that's not going to happen because it's not a good fit to presume that the General Assembly intends for administrative review actions to be 35 days instead of 30 in the early 1990s. And that made sense because in the early 1990s, it wasn't clear what the time period should be for direct review actions. Sometimes it said 30 days in some of the statutes. I believe there may have been one or two that said 35, but it was not clear. But times have changed. In 1994, the General Assembly went through the statutes and they pulled out all the provisions for direct review actions and they changed them from 30 to 35 days or they created 35-day periods and they put them in the various statutes. That's Public Act 88-1. My argument is this. Section 201A sets a 35-day period of time. That seems to be the correct period of time, and we followed that time. We followed that time no matter how one reads it. We filed a notice of appeal with the permission. We filed a petition for review with the appellate court. If the court were to decide that that's not proper, that 201A is unconstitutional, and I suggest the court shouldn't and my co-counsel will argue that point, but if the court were to set that aside, you'd be faced with that situation that you had in the early 1990s. You'd have direct review action and you wouldn't have a period of time. But in the 1990s, in the early 1990s, you weren't sure because the General Assembly hadn't spoken to this point. But in 1994, the General Assembly did speak to this point. It's made very clear, and I listed the different statutes in my brief that have been changed from 30 to 35 days or which create a 35-day period. The General Assembly expects 35 days as the period of time for direct review action. My action was filed in 35 days. Your Honors, I believe, timely, I'd ask the court to remand this case back to the First District where we can address the merits. Are there no questions? Thank you. If we were to reverse the appellate court, as you suggest, do we need to overturn any of the cases or did they just misapply? Your Honor, I've thought about that. I'm not sure and I'm somewhat agnostic about that because it doesn't affect my client. I think if the court were to overturn, 35 days would still be the right amount of time. But I think the court should clarify what the rules are because I think litigants coming from the Public Utilities Commission need to know how to perfect this appeal. I had a terrible time trying to figure out how to do this properly. We did it every way we could think to do it. So I'd urge the court, however the court decides, to set clear rules for when jurisdiction vests. That's the problem with these statutes. It's unclear what the moment of vesting is. And the simplest rule would be for the court to look to Rule 335, say a petition for review vests the appellate court with jurisdiction. That's been my understanding for as long as I've been practicing appeals work. And so I would urge the court that. But I can see where my co-counsel might take a different view. And I'd like to stay agnostic if I can. Thank you. Good morning, Your Honors. James E. Waging, Special Assistant Attorney General, Counsel for the Appellant, Illinois Commerce Commission. The oral argument just presented by my learned colleague has addressed the statutory setting of the time to take appeals under the Public Utility Act and its lawfulness under the Illinois Constitution of 1970, Article 6, Section 6. My portion of the oral argument will address the issue, which is only raised by the commission, that the obituary dicta of the consumer's gas decision, upon which the appellate court in its summary order relied, is inconsistent with the constitutional duty of the Illinois courts under the Illinois Constitution to require strict compliance with the applicable statute in administrative review cases under Section 10201 of the Public Utilities Act and should be overturned. In 1986, the consumer's gas decision found that the time provided for administrative review in subsection 10201A of the act was the time for filing in the court and that the time for filing in the court, which is provided in subsection B of 10201, was unconstitutional as an invasion of the powers of the judiciary by the legislature. This ruling is somewhat contrary to virtually any decision that this Supreme Court has made over the years, whether you look at Collinsville, ESG Watts, Rodriguez, or Busheka. All of them say when the court is exercising a special statutory jurisdiction, strict compliance with the statute is required to vest the court with subject matter jurisdiction. The statute is quite clear. 1021B provides that a notice of appeal is filed with the commission and a few sentences later says that the notice of appeal with the proof of service is filed with the clerk of the appellate court and thereupon the court gets jurisdiction over the matter. The plain fact is that there's very few cases that over the last 30 years, there's just two cases where this has had any bearing because most parties, as the Attorney General's Office did here, filed a notice of appeal with us, filed a petition for review with us, filed all these documents also in the appellate court because everyone's been somewhat concerned about the label of the document. And I say that explicitly because even the consumer's gas decision eventually got to the end and said they should have filed a petition for review under 335, but that's the same form as a notice of appeal and so therefore we still have jurisdiction. It certainly isn't the other thing it could be, which would be a complaint in administrative review. Now, this five-day provision goes back to 1913. It has been on the law of Illinois for 100 years that the General Assembly provide first the filing with the commission and an additional five days. And of course, Your Honor, we now since the 1980s have mailbox rules, so you don't have the difficulty where someone actually had to physically go somewhere to get the document to the proper court. However, the current language does allow that the filing in the court could be up to 40 days since the filing is with the commission and subsequently to the court. Now, the consumer gas relied on a number of judicial administration and judicial procedure and practice decisions. None of them were statutory administrative review. And all of them were dealt with something after the court obtains jurisdiction. One was bail and I forget some of the other ones, but it's all affecting the case after the court had jurisdiction. It is not about how the court gets jurisdiction. And as this court has always said, in matters of which both the General Assembly and courts have jurisdiction, the Supreme Court has required a balancing of the legislative and judicial authorities. However, what we're getting in consumer's gas in this summary order and in the Maripan and the Kreutzer's cases is a, the Supreme Court rules are that we get jurisdiction only through the Supreme Court rules. The statute has no place at all in our decisions and getting jurisdiction to the court. And I think this is just wrong and it's just been a fountainhead problem. I think, in fact, the consumer's gas had done what the court claimed the legislature was doing, that the court had violated the separation of powers because clearly Section 6 and Section 9 of Article 6 provide for the General Assembly to provide for direct administrative review by law. Curiously, consumer's gas, well, it got involved in this issue about timing of filing. It, both, all the filings in consumer gas were timely. And I note with some interest that at page 232 of the opinion and at page 236, they provide two different data as to when the commission entered the denial of rehearing so that the appeal was either taken one day after denial of rehearing or 21 days after and it was filed with the commission two days after or 22 days after and I don't know which one was correct. But in any event, there was no problem with consumer's gas timeliness of its filing. We've had, though, two subsequent cases, Ameripan and Croyster, where the commission did not get a notice of appeal within the 35 days of the service date of the denial of rehearing. Ameripan, we received it, it was actually received 19 days, it was mailed to us on the 14th day and you almost have to take my word for it because, frankly, reading the Ameripan case, I can't show you anything about that. Now, in Croyster, the Croyster original petition for review was served 56 days after the 35-day period. Of course, Ameripan doesn't say much, it just says, look, the statute plays no part in determining a court's jurisdiction, which is contrary to the statute, sorry, the only constitution, and, say, the Collinsville decision or the Rejectus decision of the Supreme Court. Now, in Croyster, the court followed consumer gas opinion closely, finding that the filing with the commission is the same as initiating the appeal. Well, that's just not true. The General Assembly in 1913 and 1921, when they passed the Act, in the 1986 modifications, always said the filing's with the commission. But they've always provided, and the five additional days to go to court so that the court would have something filed because filing a notice of appeal with us is not within the judicial branch of government. We're an independent regulatory body. So that it's the five-day rule that is the equivalent of when the 335 petition for review should be filed in the appellate court. And so that while we have to get timely notice under the statute, it doesn't, that by itself will not give the court jurisdiction. They still have to file something in the judicial branch of government. The General Assembly has never seen fit to change 10201 to get around the issues between 335 and 10201A and B, although they changed the time for taking the appeal, as my co-counsel said, which has actually created the current case before the court since the appellate court held its 30 days and not 35 days. The summary order in the Obra Dicta and Consumer's Gas and the two-pocket appeal cases of Merrill Pankhurst have all followed the same erroneous reasoning that the General Assembly has no authority over direct appellate administrative review. The Supreme Court should overturn such reasoning and require once again that the appellate court require strict compliance with the statutory provisions of Section 10201. If the court doesn't have any questions, I will sit down. Thank you.